IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAURICE MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>LAURIE YARDELY,[1] County Court Judge;<br><br>Defendant. | 4:18CV3124<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed a Complaint on September 5, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Lancaster County Court Judge Laurie Yardley ("Judge Yardley") in her official and individual capacities. In his Complaint, Plaintiff alleges that on or about May 30, 2018, Judge Yardley, while sitting as a member of the Nebraska Judicial Qualifications Commission Disciplinary Board (hereinafter "Commission"), voted to dismiss Plaintiff's complaint against Judge Darla S. Ideus,[2] another judge "who practice[d] in the

---

[1] Plaintiff's spelling of Defendant's name is incorrect. The court will use the correct spelling of Judge Yardley's name throughout this order. (*See* Filing No. 1 at CM/ECF p. 5.)

[2] Judge Ideus is a Lancaster County District Court judge who Plaintiff previously filed suit against in this court, alleging that she injured his reputation and violated several provisions of the Nebraska Constitution, 42 U.S.C. § 1983, and his right to equal protection of the laws by denying Plaintiff's motion to modify child support and his application to proceed in forma pauperis in state court. (*See* Filing Nos. 1 & 6, Case No. 4:18CV3052.) The court dismissed Plaintiff's suit against Judge Ideus with prejudice because his claims were barred by sovereign

same Hall of Justice and Law Enforcement Center . . . with [Judge Yardley]." (Filing No. 1 at CM/ECF pp. 2, 5.) Plaintiff alleges Judge Yardley's action violated "Canon, Code of Judicial Conduct," several provisions of the Nebraska Constitution, 42 U.S.C. § 1983, and his right to equal protection of the laws. (*Id*. at CM/ECF pp. 2–4.) Based on the documents attached to Plaintiff's Complaint, Plaintiff seems to allege, in conclusory fashion, that Judge Yardley's actions were racially motivated. (*Id*. at CM/ECF p. 6.)

For relief, Plaintiff seeks damages in the amount of $1 million. (*Id*. at CM/ECF p. 4.) Plaintiff also asks for a declaration that Judge Yardley's action caused him emotional injuries and violated the Code of Judicial Conduct, the Nebraska Constitution,[3] 42 U.S.C. § 1983, and Plaintiff's right to equal protection of the laws. (*Id*. at CM/ECF pp. 3–4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

---

immunity and judicial immunity. (Filing Nos. 6 & 7, Case No. 4:18CV3052.) The court takes judicial notice of the records in that case.

[3] Violations of state laws do not by themselves state a claim under 42 U.S.C. § 1983. *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Sovereign Immunity**

Plaintiff sued Judge Yardley, a state county court judge, in her official capacity and in her individual capacity. Sovereign immunity prevents the court from exercising jurisdiction over claims for damages against Judge Yardley in her official capacity.

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Plaintiff brought suit against Judge Yardley in her official capacity. As a county court judge within the Nebraska Judicial Branch, Judge Yardley is a state official, and Plaintiff's official-capacity claims are claims against the state. *See Tyler v. Kimes*, No. 8:18CV74, 2018 WL 3057873, at \*2 (D. Neb. June 20, 2018) (citing *Tisdell v. Crow Wing Cnty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at \*7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state)). There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Therefore, this court lacks jurisdiction over Plaintiff's damages claim against Judge Yardley in her official capacity.

**B. Quasi-Judicial Immunity**

Plaintiff also seeks monetary and declaratory relief against Judge Yardley in her individual capacity. Thus, the court must consider whether the doctrine of judicial immunity applies to bar Plaintiff's claims.

A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

As the foregoing indicates, Judge Yardley's status as a judge is not determinative of whether she is entitled to immunity. Rather, "[t]he touchstone for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'" *Simes v. Arkansas Judicial Discipline & Disability Comm'n*, No. 4:10CV01047 JFB, 2012 WL 4469264, at *6 (E.D. Ark. Sept. 27, 2012), *aff'd*, 734 F.3d 830 (8th Cir. 2013) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36 (1993)); *see also Forrester v. White*, 484 U.S. 219, 227 (1988) ("immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches") (emphasis in original). Here, Plaintiff is suing Judge Yardley for actions she took as a member of the Commission, rather than for actions taken in her usual role as a state county court judge. "Judicial immunity . . . extends to others who perform functions closely associated with the judicial process [and] [j]udges and officials who have duties that are functionally comparable to those of judges are entitled to absolute immunity." *Simes*, 2012 WL 4469264, at *6 (internal citation omitted). As the United States District Court for the Eastern District of Arkansas, in a decision by Judge Joseph F. Bataillon of this court sitting by designation, explained in *Simes*:

> To determine which persons are covered under quasi-judicial immunity, courts employ a functional approach under which absolute immunity flows not from rank or title or location within the government, but from the nature of the responsibilities of the individual officer. *See Cleavinger v. Saxner*, 474 U.S. 193, 201 (1985); *Butz v. Economou*, 438 U.S. 478, 512–16 (1978); *Howard v. Suskie*, 26 F.3d 84, 86 (8th Cir. 1994) (noting crucial distinction between agency actions which begin or are part of a judicial or quasi-judicial administrative process, and agency actions which are independent of such a process). Whether the function of a person or entity is "a 'classic' adjudicatory function so as to entitle [them] to the protection of absolute immunity as opposed to qualified immunity turns on a number of factors." *Brown v. Griesenauer*, 970 F.2d 431, 436 (8th Cir. 1992); *Krueger v. Lyng*, 4 F.3d 653, 656 (8th Cir. 1993). Those factors are: "'(a) the need to assure that the individual can perform his [or her] functions without harassment or intimidation; (b)

the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.'" *Buser v. Raymond*, 476 F.3d 565, 568 (8th Cir.2007) (quoting *Krueger*, 4 F.3d at 656).

Weighing evidence, making factual determinations, determining sanctions, and issuing written decisions are duties functionally comparable to the duties performed by courts. *See Dunham [v. Wadley]*, 195 F.3d [1007,] 1011 [(8th Cir. 1999)] (affording absolute quasi-judicial immunity to veterinary examining board); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (actions as a hearing officer of state administrative tribunal clearly taken in a judicial capacity); *McKeown [v. New York State Comm'n on Judicial Conduct]*, 377 Fed. App'x 121[, 2010 WL 1977825 (2d Cir. 2010)] (those involved in preparing and adjudicating attorney discipline proceedings are eligible for absolute immunity); *Disraeli v. Rotunda*, 489 F.3d 628, 635 (5th Cir. 2007) (state securities board members immune); *Krueger*, 4 F.3d at 653 (actions in appointing hearing examiner and adopting recommendations was adjudicatory in nature; actions of committee members in firing employee were not); *VanHorn v. Oelschlager*, 457 F.3d [844,] 847 [(8th Cir. 2006)] ("[p]ersons who perform quasi-judicial functions are [also] entitled to absolute immunity"); *but see DiBlasio v. Novello*, 344 F.3d 292, 296–302 (2d Cir. 2003) (summary suspension process too dissimilar to judicial process to warrant absolute immunity).

*Simes*, 2012 WL 4469264, at *7.

With the foregoing in mind, the court examines the nature of Judge Yardley's actions as a Commission member to determine whether she is entitled to quasi-judicial immunity. Nebraska law clearly outlines the responsibilities of the Commission. *See* Neb. Const. Art. V, §§ 28–30; Neb. Rev. Stat. §§ 24-715 to 24-728. In relevant part, the statute provides:

> Any citizen of the State of Nebraska shall have the right at all times to complain to the Commission on Judicial Qualifications with reference to the acts, activities, or qualifications of any . . . judge of any of the courts of the State of Nebraska or to request that the commission consider the qualifications of any . . . judge of any of the courts of the State of Nebraska. Upon receipt of any such complaint or request, the commission shall make such investigation as it determines to be necessary. The commission shall have the right to subpoena witnesses; to hold hearings; to require the Justice or judge to submit to physical or mental examination by medical experts; to appoint special masters to conduct hearings; to make independent investigations, either by members of the commission or by special investigators employed by the commission; to hold confidential prehearing proceedings with the person or persons filing the complaint or request, or with his or her or their agents or attorneys; and to hold confidential prehearing proceedings with the judge or Justice involved in the complaint or request.

Neb. Rev. Stat. § 24-721. If the Commission finds probable cause for disciplinary action, the Commission must reprimand the judge or order a formal open hearing and make recommendations to the Nebraska Supreme Court on the appropriate discipline. *Id.* The Nebraska Supreme Court has established rules for procedure applicable to the Commission. Neb. Rev. Stat. § 24-727; *see also* Neb. Ct. R. §§ 5-101 to -123.

Based on the nature of the Commission's activities and the allegations of the Complaint, the court concludes that Judge Yardley is entitled to quasi-judicial immunity. It is evident from the allegations of Plaintiff's Complaint that Judge Yardley performed adjudicatory functions as outlined by the statute. Plaintiff complained to the Commission about Judge Ideus and Judge Yardley, with the other Commission members, investigated Plaintiff's complaint and determined that it did not support a finding of a violation of the Judicial Code of Conduct. (Filing No. 1 at CM/ECF p. 5.) Clearly, Commission members must be able to make these determinations without fear of intimidation or harassment and free from political influence. Moreover, judicial review of Commission action is available through the

Nebraska Supreme Court. Thus, the relevant factors weigh in favor of the court finding Judge Yardley is entitled to absolute quasi-judicial immunity. *See Simes, 2012 WL 4469264*, at *9 (weighing factors and finding members of the Arkansas Discipline & Disability Commission were absolutely immune from damages claims in their individual capacities). Accordingly, Plaintiff's individual-capacity claims against Judge Yardley for money damages are barred on the basis of quasi-judicial immunity.

**C. Requests for Declaratory Relief**

Plaintiff also seeks declaratory relief. While sovereign immunity and judicial immunity are not bars to certain actions for declaratory relief, *see Alden v. Maine*, 527 U.S. 706, 757, (1999); *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984); *Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff is not entitled to such relief. Plaintiff essentially asks for a declaration that Judge Yardley caused him emotional injury and violated the Code of Judicial Conduct, the Nebraska Constitution, 42 U.S.C. § 1983, and Plaintiff's right to equal protection of the laws. (Filing No. 1 at CM/ECF pp. 3–4.) These are requests for a declaration of past liability. They do not pertain to Plaintiff's future rights. Therefore, a declaratory judgment would serve no purpose and is not available. *See Moore v. Gerrard*, No. 4:15CV3140, 2016 WL 8376696, at *2 (D. Neb. Feb. 22, 2016) (declaration of past liability precluded by judicial immunity); *Jacobson v. Bruning*, No. 4:06-CV-3166, 2007 WL 1362638, at *2 (D. Neb. Apr. 24, 2007) ("a declaratory judgment establishing *past* liability of the State is . . . forbidden by the Eleventh Amendment" (italics in original) (citing *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 646 (2002))), *aff'd*, 281 F. App'x 638 (8th Cir. 2008); *Hansen v. Vampola*, No. 4:07CV3074, 2007 WL 1362689, at *2 (D. Neb. Apr. 16, 2007) ("A declaratory judgment establishing only the **past liability** of the state is forbidden by the state's sovereign immunity preserved by the Eleventh Amendment to the Constitution." (bold in original)).

8

## IV. CONCLUSION

For the foregoing reasons, the court will dismiss this action. The court will not provide Plaintiff with an opportunity to file an amended complaint because it is apparent that amendment would be futile. Plaintiff's pending objection ([filing no. 7](#)) "against Clerk Denise M. Lucks . . . appearing on the record as legal representation for any one to [i]nclude the Defendant" is denied as moot.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed with prejudice pursuant to [28 U.S.C. § 1915(e)(2)](#).

2. Plaintiff's objection ([filing no. 7](#)), docketed as a motion, is denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 19th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge